José Adalberto Zaldívar, Sr.
ADC # 166954
<small>Name and Prisoner/Booking Number</small>
Arizona State Prison Complex-
Eyman / Meadows
<small>Place of Confinement</small>
P.O. Box 3300
<small>Mailing Address</small>
Florence, Arizona 85132
<small>City, State, Zip Code</small>

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

<table>
<tr><td>☒ FILED</td><td>☐ LODGED</td></tr>
</table>

**Jul 18 2014**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

José Adalberto Zaldívar, Sr.,
<small>(Full Name of Plaintiff)</small>          Plaintiff,

vs.

(1) United States Department
of the Air Force,
<small>(Full Name of Defendant)</small>

(2)          " and others "

(3)

(4)
                    Defendant(s).
☒ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. _____
<small>(To be supplied by the Clerk)</small>

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**
" Jury Trial Demanded "

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983, §1981, §1982, §1985 and §1986
    ☑ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☑ Other: 5 U.S.C. §552 and §552a, 38 C.F.R. 1.500 - 1.599 and 1.579

2.  Institution/city where violation occurred: Davis-Monthan AFB - Tucson, Arizona 85707

<small>Revised 5/1/2013</small>                    1                    **550/555**

Continued from Page 1

(2) Secretary of the Air Force

(3) Directorate of Communications

(4) National Personnel Records Center - Military Personnel Records
       (NPRC-MPR)

(5) Air Force SAFETY CENTER

(6) Air Force Military Justice DIVISION

(7) 355TH COMBAT SUPPORT GROUP, TACTICAL AIR COMMAND (TAC)

(8) 355TH COMMUNICATIONS SQUADRON (ACC)

(9) Federal Bureau of Investigation

(10) Department of Veterans Affairs / Veterans Affairs Regional Office - Phoenix (DVA/
       VARO-PHX)

(11) Southern Arizona Veterans Affairs Health Care System (SAVAHCS)

(12) Harold L. Higgins, Jr. ESQ.

(13) Scott McClure

(14) Ivan Satyan Abrams

(15) Lori Lefferts

(16) Laura Udall

(17) Kathleen Mayer



All defendants sued in their individual and official capacities.
Defendants 1 through 11 acted under color of federal law.
Defendants 12 through 17 acted under color of State and/or federal law.
Defendants 12 through 17 are private individuals

1a

## B. DEFENDANTS

1.  Name of first Defendant: UNITED STATES DEPARTMENT OF THE AIR FORCE . The first Defendant is employed as:
    a military department of the Department of Defense at Joint Base Langley-Eustis, VA 23665-1993
    (Position and Title)                                                    (Institution)

2.  Name of second Defendant: SECRETARY of the Air Force . The second Defendant is employed as:
    a military agency of the Dept. of the Air Force at Joint Base Langley-Eustis, VA 23665-1993
    (Position and Title)                         180 BENEDICT AVE, SUITE 210  (Institution)

3.  Name of third Defendant: Directorate of Communications . The third Defendant is employed as:
    a military agency of the Dept. of the Air Force at 180 BENEDICT AVE, Ste 210 Langley AFB VA
    (Position and Title)                              23665-1993       (Institution)

4.  Name of fourth Defendant: National Personnel Records Center— Military Personnel Records . The fourth Defendant is employed as:
    an agency of the Department of Defense at 1 Archives Drive, St. Louis, MO 63138
    (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2.  If yes, how many lawsuits have you filed? __2__ .  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: José Adalberto Zaldivar, Sr.   v. United States Department of Veterans Affairs, etd
        2.  Court and case number: 2:14-CV-01493-PHX-DGC (MEA)
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) Filed July 1, 2014 — Still Pending

    b.  Second prior lawsuit:
        1.  Parties: José Adalberto Zaldivar, Sr.   v. Southern ARIZONA VETERANS AFFAIRS HEALTH CARE SYSTEM, et al
        2.  Court and case number: 4:14-CV-02219-TUC-CKJ (PSOT)
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) Filed July 8, 2014 — still Pending

    c.  Third prior lawsuit:
        1.  Parties: __N/A__   v. _____
        2.  Court and case number: _____
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

3

Continued from Page 2

**5.** Name of fifth Defendant: Air Force Safety Center, employed as an agency of the Department of the Air Force, 180 Benedict Ave., Ste 210, Joint Base Langley-Eustis, VA 23665-1993

**6.** Name of Sixth Defendant: Air Force Military Justice Division, an agency of the Department of the Air Force, 180 Benedict Ave., Ste 210, Joint Base Langley-Eustis, VA 23665-1993

**7.** Name of the seventh Defendant: 355th Combat Support Group, TACTICAL AIR COMMAND (TAC), employed as an agency of the Department of the Air Force, 3180 S. First Street, Davis-Monthan AFB, Arizona 85707

**8.** Name of the eighth Defendant: 355th Communication Squadron, AIR COMBAT COMMAND (ACC), employed as an agency of the Department of the Air Force, 3180 S. First Street, Davis-Monthan AFB, Arizona 85707

**9.** Name of the nineth Defendant: Federal Bureau of Investigation, employed as an agency of the United States Department of Justice, 170 Marcel Drive, Winchester, VA 22602-4843.

**10.** Name of the tenth Defendant: Department of Veterans Affairs/Veterans Affairs Regional Office - Phoenix (DVA/VARO-PHX), employed as an office of the Department of Veterans Affairs at 3333 N. Central Ave., Phoenix, Arizona 85012-2402

**11.** Name of the eleventh Defendant: Southern Arizona Veterans Affairs Health Care System, employed as a medical center for the Dept. of Veterans Affairs at 3601 South 6th Ave, Tucson AZ 85723

**12.** Name of the twelfth Defendant: Harold L. Higgins, Jr., employed at Higgins & Higgins as an attorney at 100 North Stone Ave., ste 604 Tucson ARIZONA 85701.

**13.** Name of the thirteenth Defendant: Scott McClure, employed as an attorney at 2929 N. Central Ave., Ste 1700, Phoenix, Arizona 85012

**14.** Name of the fourteenth Defendant: Juan Sabyan Abrams, employed as an attorney at Pinal County Attorneys Office, 31 N. Pinal Bldg. D, Florence, Arizona 85132

**15.** Name of the fifthteenth Defendant: Ms. Lori Lefferts, employed as Public Defender at Pima County Public Defender's Office at 33 N. Stone Ave., Ste 2100 Tucson, Arizona 85701

**16.** Name of the sixteenth Defendant: Ms. Laura Udall, employed as an attorney at 136 W. Simpson St., Tucson Arizona 85701

**17.** Name of the seventhteen Defendant: Ms. Kathleen Mayer, Employed as an attorney/Prosecutor at Pima County Attorney's Office, 32 N. Stone Ave Ste 1400 Tucson, Arizona 85701

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: USAF/355ᵗʰ Combat Support Group (TAC) denial of access to records under FOI/Privacy Act - 5 U.S.C. §552 and §552a.

2.    **Count I.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety    ☒ Other:  **Access to Records**

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

I. On or about May 14, 2012, plaintiff submitted a notarized Freedom of Information Act (FOIA)/ Privacy Act request, certified / Return Receipt No. 7009 0080 0001 1969 4522, for documents from the USAF, CBPO Combat Support Group (CSG) Tactical Air Command (TAC), Davis-Monthan, AFB, Arizona for specific records: (1) Copies of all documentation, reports, affidavits [witness statements] and supporting documentation submitted by those involved in the incident or witnesses to the incident that occurred on the 19ᵗʰ May 1979, a Saturday on or about 1345 hrs, a weekend duty assignment performing a gun functional check on the A-10 30mm GAU-8/A cannon gun system on the 357ᵗʰ AMU flightline. (2) USAF Hospital records of the incident, plaintiff picked up by ambulance on or about 1345 hrs arrived ER 1351 hrs, 19 MAY 1979; (3) Discharge documentation on Airman John Doe, [a fictitious name, upon information and belief] involved in the incident and held accountable and cause of the incident of 19ᵗʰ May 1979; (4) A-10 Warthog Thunderbolt II profile and dimensions (5) Weapon's Load Crew Chief Check list manual (1979 version) on performing the A-10 gun system functional check; (6) PCS assignments selections for [plaintiff] from 01 JAN 1976 to 31 JAN 1981, to include (i) any cancelled assignments, (ii) reason for cancellation, and (iii) request for extensions for PCS assignments and cross-

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

I. Records generated and maintained by the 355ᵗʰ Combat Support Group, Tactical Air Command, Davis-Monthan AFB, upon information and belief, contain false, misleading, misrepresented and fraudulent information, <span>— Continued on Page 3 c</span>

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (~~grievance procedures or~~ administrative appeals) available ~~at your institution~~?            ☒ Yes  ☐ No
   b.    Did you submit a request for administrative relief on Count I?            ☒ Yes  ☐ No
   c.    Did you appeal your request for relief on Count I to the highest level?            ☐ Yes  ☒ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Appeal was intercepted and responded to by the Directorate, preventing the advancement of the appeal process, depriving plaintiff of administrative relief.

Continued from Page 3

training requests; (7) Copies of investigation for security clearances: (i) Investigation: BI completed 26 FEB 73, DIS Washington D.C., File # 72320 D06 0012 fAI (ii) others conducted and/or completed for PCS assignments; (8) Discharge documentation compiled for [plaintiff]... 23 JAN 81... to include supporting documentation as cause; (9) copies of [plaintiff's] legal defense file in connection with his discharge and any agreements made."

**II.** On May 22, 2012, the Department of the Air Force, Davis-Monthan AFB, FOIA Manager, Lisa L. Bentley, CIV, DAF, acknowledged receipt of the FOIA request, assigning case number 2012-04061-F and stated "... will respond to [plaintiff's] request by June 20, 2012."

**III.** On June 06, 2012, the Department of the Air Force, Headquarters Air Combat Command, FOIA Manager/Directorate of Communications, Rand Bethea, responded to plaintiff's May 14, 2012 FOIA request stating (1) "[t]he records [plaintiff is] requesting are no longer available for retrieval or does not fall under the purview of Davis-Monthan AFB" (2) "[t]he Air Force Safety Center has reviewed item #1 of [plaintiff's] FOIA request and found no responsive records." (3) "The Air Force Military Justice Division searched for records relating to items # 3, 8 and 9 and found no records based on [plaintiff's] name and Airman John Doe." (4) "Items # 2, 6, and 7 are records that would be a part of [plaintiff's] personnel files." (5) "[p]ersonnel records can be retrieved from the National Personnel Records Center, Military Personnel Records (NPRC-MPR)" (6) "[i]nformation (item #4) regarding the A-10 Warthog does not fall under the purview of Davis-Monthan AFB, but the information is available on the World Wide Web under McChord Air Museum." (7) "[c]opies of the 1979 weapons load crew chief checklist manual is no longer available for retrieval because the manual was not created as a permanent record and changes in technology and procedures created many changes to the manual." and (8) [i]f [plaintiff] consider [their] "no records" response as an adverse action, [plaintiff] may appeal [their] partial denial determination by writing to the Secretary of the Air Force within 60 days from the date of [the] letter." (date of June 06, 2012). "If no appeal is received or... postmarked after the conclusion of this 60-day period, the appeal may be considered closed."

**IV.** On or about June 28, 2012, a notarized FoI/Privacy Act Appeal, certified/Return Receipt No. 7010 0780 0001 7837 6650, date of Delivery 2012 0713, was submitted to the Secretary of the Air Force under the provisions of 5 U.S.C. § 552 and § 552a – based upon the denial requested records from their agency/department. An Affidavit was attached with the appeal, clarification and attest to FOIA request.

3a

6

Continued from Page 3a

Plaintiff's reasons for reconsideration: (1) [plaintiff] ha[s] the protected constitu-
tional right to defend [him]self against any and all allegations, comments, state-
ments or use of the information or record within these documents requested made
against [his] person by third parties; whether professional or non-professional,
in their decision-making and determination detrimental to [his] person, especially
without [his] knowledge or consent. (2) Pursuant to the Privacy Act, [plaintiff]
ha[s] the right to civil remedies, whenever any agency makes a determination not
to amend an individual's record, in accordance with, [plaintiff's] request and/or
fails to make such review in conformity to FOI/ Privacy Act; (3) Records, contain
false, misleading, misrepresented and fraudulent information, comments, statements
and omissions — its function, to deceive and suppress, from the truth of the matter
in question. (4) failure to maintain any record concerning any individual with such
accuracy, relevance, timeliness and completeness as is necessary to assure fairness
in any determination relating to the qualifications, character, rights or
opportunities of or benefits to the individual that may be made on the basis of such
record, and consequently a determination is made which is adverse to the individual.
Disclosure of documents: (i) deprived [plaintiff] of [his] right to a fair trial or
an impartial adjudication; (ii) constituted an unwarranted invasion of [plaintiff]
personal privacy; (iii) allowed third parties to circumvent state and federal laws
and statutes; (iv) allowed third parties to use FOI/Privacy Act as a "shield and
sword"; (v) endangered and deprived [plaintiff] of [his] life, property (real and
personal), Liberty, medical health care and physical safety; (vi) its inaccuracies
lead others reliant on the information as true, to act adverse to [plaintiff's]
person and detriment, create new records, perpetuating without no end;
(vii) allows third parties, to defraud and extort funds, from the federal government
and the veteran by means of these previously released documents to secure [plaintiff's]
conviction and incarceration at any cost — not based on evidence or an alleged
offense but rather on personal [and protected] heath information [CPHI]
released under FOI/Privacy Act, by federal agencies and/or departments.
(5) [Plaintiff] ha[s] the constitutional right to use the information as evidence, to
correct inaccuracies or as research for evidence in actions in any judicial or quasi-
judicial body, whether within the state or federal courts for [plaintiff's] defense
against anyone making a claim adverse to [plaintiff's] person - in clarifying or
verifying as to the truth in such matter or manner used.
V. On July 19, 2012, Directorate Bethea, responded acknowledging the FOIA

3b.

Continued from Page 3 b

appeal and assigning case number 2012-0014b-A to the appeal, claiming they cannot process plaintiff's appeal based on the incorrect appeal determination — appealing their denial of records with no exemption codes, that they did not deny plaintiff any records because there were no records located at Davis-Monthan AFB, the Air Force Safety Center or Military Justice Branch. The records plaintiff is requesting from 1979 are no longer filed at Davis-Monthan AFB; therefore, plaintiff needs to request his personnel and medical records from NPRC-MPR, Records pertaining to the A-10 aircraft, legal defense and discharge do not fall under the purview of Davis-Monthan AFB.

(VI) On or about July 23, 2012, a certified [return receipt no. 7010 0780 0001 7837 0173, delivered, 20120806, written statement of dissatisfaction with their response and reiterated plaintiff's appeal on the failure to provide access and denial of records, providing no exemption codes, and the inadequacy of the search for specific records. A request for a 'handbook' describing the types of records their department holds and how to file a FOIA request for its records and appeal process was made. A request was also made, whether there was a higher-level department official involved in the exhaustion of any administrative remedies and if not, demanded a prompt response so that a claim can be filed within the district court for the documents, requested under the original FOIA request dated 14 May 2012 and its appeal dated 20 June 2012, and failure to provide any further process in this appeal.

Continued from Page 3, item 4. Injury

comments, statements, and omissions, its function, to deceive and suppress from the truth the matters in question — the A-10 safety incident, the loss of plaintiff's security clearance and discharge from the USAF, depriving plaintiff of promotions, achievements, reassignments, medical treatment (then and now in the present) and constitutional rights in violation of FOIA/Privacy Act and EEOC.

II. DMAFB, FOIA management failed to respond, depriving plaintiff access to records requested and in violation of FOI/Privacy, having an adverse effect on plaintiff.

III. The Department of the Air Force, Directorate of Communication:

(i) directed plaintiff to the NPRC-MPR for retrieval of the medical, permanent change of station assignments and security clearance investigative and investigation documents, depriving plaintiff access to records and undue burden, in violation of FOI/Privacy Act.

3c

8

Continued from Page 3 c

(2) claimed the Air Force Safety Center reviewed the FOIA request and found no responsive record on the A-10 safety incident of 19 May 1979; thereby depriving access to records pertaining to plaintiff in violation of FOI/Privacy Act.

(3) claimed the Air Force Military Justice Division searched for records relating to Airman John Doe, a fictitious name for weapons load crew member #4 (man), upon information and belief, held responsible for the incident of 19 May 1979; and the legal defense file regarding plaintiff's discharge of 23 JAN 1981, depriving access to records pertaining to plaintiff, in violation of FOI/Privacy Act.

(4) provided the administrative address to the Secretary of the Air Force to appeal their denial within 60 days from the date of their letter (6 JUN 2012). The appeal (dated 29 JUN 2012) was submitted to the Secretary of the Air Force; however, intercepted and responded by the Directorate, again, depriving plaintiff the right to exhaust the administrative remedies and advance the appeal process, and the right to appeal, in violation of FOI/Privacy Act, First Amendment.

(5) Upon request, failed to provide a "handbook" that described the types of records their department holds and how to file a FOIA request for its records and appeal process depriving plaintiff access to records, in violation of FOI/Privacy Act.

(6) After having reiterated the available appeal on the failure to provide access and denial of records under the provisions of FOI/Privacy Act, Directorate deprived plaintiff's request for a higher level department official involved in the exhaustion of any administrative remedies and has therefore, failed to respond to the request, in violation of FOI/Privacy Act.

IV Access and the release of documents to third parties, whether professional or non-professional, in their decision-making and determination, deprive plaintiff of protected constitutional rights to defend his person against any or all allegations, comments, statements or the use of the information or records within those documents requested made against the plaintiff, especially with or without plaintiff's knowledge or consent — whether verbal or written. The detrimental harm irreparable, and if not rectified will continue to be viable and deprive plaintiff of life, liberty and property without due process and in violation of FOIA/Privacy Act.

V Released documents pertaining to plaintiff, taken as true and correct, on its face value as "federal documents" without confirmation or verification as to its truthfulness, accuracy, relevance, timeliness and completeness as is necessary to assure fairness in any determination relating to the qualifications, character,

Continued from Page 3d

rights or opportunities of or benefits to the individual/plaintiff were made on the basis of such record and consequently determinations were made which had adverse effects on the plaintiff in violation of FOI/Privacy Act.

VI Without correction of plaintiffs records, files or documentation pertaining to plaintiff, allows others to create new record or continue to support false and/or inaccurate information, perpetuating without no end, especially when they deprive plaintiff of the right to a fair trial, or the information is used to impeach the plaintiff in a jury trial, such is the case in plaintiff's criminal trial in violation of FOI/Privacy Act, First, Fifth, Eighth, and 14th Amendments protected by the U.S. Constitution.

VII Plaintiff incorporates other injures by the defendant(s)' actions or inactions stated in the above supporting facts, as though they were stated fully herein.

VIII Denial of access and deprivation of documents, reports or case file involved in the A-10 Safety incident of 19 May 1979, deprive plaintiff of; (1) the opportunity to ensure the accuracy of the information contained therein (2) the right to continuing and adequate medical care, while incarcerated (3) to any request to amend, review, disagree, judicial or administrative review or appeals to any record, or information pertaining to plaintiff — believed is not accurate, relevent, timely or complete, in violations of FOI/Privacy Act and Equal Employment Opportunity Commission (EEOC) afforted to any individual the information pertains too.

3e

10

## COUNT II

1. State the constitutional or other federal civil right that was violated: Defendant one through ten, failure to conduct an adequate search for records in violation of FOI/Privacy Act 5 USC §552 and §552a.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

   ☐ Basic necessities       ☐ Mail            ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☒ Other: _RECORDS_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff incorporates Count 1, 3, Supporting Facts as though they were stated fully herein. In addition:
   (1) On or about August 18, 2009, a FOIA/Privacy Act Request was submitted to the Federal Bureau of Investigation (FBI) Chief, Record (Information Dissemination Section, Records Management Division, FBI, Department of Justice, in Washington, D.C.
   (2) Specifically requesting: copies of any files on personal identifiers provided and any background investigation on behalf of the Selective Service System, United States Air Force or any other federal agency. Active service in the USAF from August 02, 1972 to January 31, 1981, delayed enlistment from April 1972 to August 01, 1972, prior to this, Selective Service.
   (3) On September 03, 2009, the US Dept of Justice, FBI acknowledged receipt of the FOIPA request to the FBI, assigned FOIPA Request No. 1136830-000 and are searching the indices to their Central Records System for the information plaintiff requested and will inform plaintiff of the results as soon as possible.
   (4) On September 17, 2009, US Dept. of Justice-FBI responded to the FOIPA request stating "They were unable to identify responsive main file records", enclosing an FBI File Fact Sheet.
   (5) The Fact Sheet claimed: "The FBI does not issue clearances or nonclearances"

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Plaintiff incorporates Count 1, 4. Injury as though they were stated fully herein.

5. **Administrative Remedies.**

   a. Are there any administrative remedies (~~grievance procedures or~~ administrative appeals) available ~~at your institution~~?   ☒ Yes   ☐ No

   b. Did you submit a request for administrative relief on Count II?   ☒ Yes   ☐ No

   c. Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☒ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Plaintiff was formly redirect by defendants to other agency resulting in obtaining incomplete and/or altered records, extending, prolonging or frustrating any efforts and having to exhaust the other agencies appeal process.

4

Continued from Page 4, item 3 Supporting Facts

for anyone other than its own personnel or persons having access to FBI facilities. Background investigations for security clearances are conducted by many different government agencies. Persons **who received a clearance while in the military** or employed with some other government agency **should write directly to that entity."** emphasis added. (See Count 1, Supporting Facts I.(7) page 3a)

VIII. (1) On or about July 22, 2010, a "Request Pertaining To Military Records" form was submitted to National Personnel Records Center — Military Personnel Records, 9700 Page Ave., St. Louis, MO 63132 - 5100.

(2) Specific request were marked on the: DD FORM 214, All document in Official Military Personnel File (OMPF), Medical Records and Education boxes.

(3) On August 26, 2010, NPRC/MPR, provided an extract containing copies of the essential documents to certify any entitlement to most rights, and benefits associated with plaintiff's military service. The original medical records were now being maintained by the Department of Veterans Affairs (DVA) and to contact the nearest VA Regional Office (VARO) to obtain copies of these records.

(4) Furthermore, it stated the following instructions — "[Plaintiff] will receive all miscellaneous documents if [plaintiff] submit a follow-up request citing the request number at the top of [their] page." (Request number noted)

(5) On or about March 22, 2011, a request to received all miscellaneous documents per their cited number was submitted as instructed.

(6) On or about November 22, 2011, a follow-up request was submitted and requested under FOIPA. NPRC/MPR was non-responsive to this request.

IX. (1) On or about March 22, 2011, plaintiff submitted a notarized FOI/Privacy Act request by certified mail to the Department of Veterans Affairs Regional Office — Phoenix (DVA/VARO-PHX) as instructed by NPRC/MPR (as instructed in VIII(3) above) Certified/Return Receipt No. 7009 0080 0001 7196 7894 delivered Mar 29, 2011 postmark

(2) Specifically, requested: "1. Copy of the original service medical records the [NPRC/MPR], 4700 Page Avenue, St. Louis, Missouri 63132-511 sent to be maintained to the Department of Veterans Affairs."

(3) On April 07, 2011, plaintiff received a postcard (postmarked: April 05, 2011) acknowledging receipt of plaintiff recent FOI/Privacy Act request.

4a

Continued from Page 4 a

(4) On November 10, 2011, DVA/VARO-PHX disclosed 102 pages of documents stating: "... enclosing a copy of your military medical records (STRs) and the other financial document from your claims file, as you requested." Of these 84 pages, were medical documents (military) — considered by plaintiff, upon knowledge and belief, as partial and/or incomplete disclosure.

(5) A FOI/Privacy Act Request was then submitted to plaintiffs last duty station assignment (See Count 1, 3. Supporting Facts I at page 3)

Continued from Page 5 e

(5) deprive plaintiff the right and obligation to protect, visit and assist his children (6) subjected the plaintiff to extortion, fraud, cruel and unusual punishment and double jeopardy in violation of the eighth amendment due to plaintiff incarceration. (7) financially deprive the plaintiff/veteran (i) from protecting his interest in the purchasing of documents, transcripts, files and records for his defense and appeals. (ii) funding for investigations, copies, postage and court fees/filing fees required in the appeal process and civil complaints — a financial burden imposed on the plaintiff that critically impedes and frustrates efforts by delaying the appeal process.

XIV. SAVAHCS continues to deprive plaintiff an electronic listing of documents released to anyone from February 16, 2001 onwards, allowing attorneys to disclaim ever having had contact with documents released under FOI/Privacy Act or to account for them and who was involved in their dissemination without further consent from the plaintiff; in violation of FOI/Privacy Act, 38 C.F.R. 1.500-1.599 and 1.579.

XV. Defendants continue to deprive plaintiffs of his civil rights and non-disclosure and maintaining inadequate and/or incorrect information or the use thereof, allows matters and issues viable, to the detriment and adverse to plaintiff.

XVI. Defendants twelfth through seventeenth acted in conflict of interest, failed to investigate incorrect information or confirm with plaintiff of the truthfulness of the information and misused Protected Health Information released under FOI/Privacy Act detrimental and adverse to plaintiff.

## COUNT III

1. State the constitutional or other federal civil right that was violated: Defendants one through ten, failure to maintain any record concerning plaintiff to assure fairness in any determination which is adverse to the plaintiff in violation of FOI/Privacy Act, 5 USC. §552 and §552a, EEOC

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care

☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation

☐ Excessive force by an officer    ☐ Threat to safety    ☒ Other: Records

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff incorporates Count I and II, 3. Supporting Facts as though they were stated fully herein. In Addition;
X(1) Toward the end of plaintiff's military career, plaintiff lacked the knowledge of the existance and suppression of documents beyond his control. Retaliation, racial profiling and discrimination persisted, the '14 May 1979 safety incident the result nearly costing plaintiffs life and upon knowledge and belief the military career of another airman dishonorably discharged held accountable for the incident.
(2) Retaliation in form of denial of promotion, advancements, reassignments and the loss of plaintiff's security clearance (without plaintiff knowledge) continued to take its toll on plaintiff, affecting his responsibilities and duty both as an airman and a parent (single).
(3) The consequence and the inadequate and incorrect information remain viable being utilized by third parties to impeach plaintiffs testimony verses information held by the government and its agencies, leading to plaintiff conviction sentence and incarceration.
X(1) In June 27, 1996 a psychological assessment by August W. Johnson, Ph.D. Chief of

4. **Injury** State how you were injured by the actions or inactions of the Defendant(s)
VIII. Plaintiff incorporates Count 1, 4. Injury as though they were stated fully herein. In addition, Defendants five through eight deprive plaintiff of debriefing notes, statements and reports prepared by witnesses that relate to the — Continued on page 5d

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes    ☐ No

   b. Did you submit a request for administrative relief on Count III?     ☒ Yes    ☐ No

   c. Did you appeal your request for relief on Count III to the highest level?     ☐ Yes    ☒ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Appeal was intercepted and responded to by the Directorate preventing the advancement of the appeal process depriving plaintiff of administrative relief.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

14

Continued from Page 5, 3. Supporting Facts

Psychology, VA Medical Center (now SAVAHCS) Tucson, Arizona create new record, without verifying its contents, of which, has been used by others for impeachment purposes. Its contents were: "[a]fter nine years in the Air Force, during which [plaintiff] contested authority in several 'push and shove' situations, the veteran [plaintiff] refused an assignment and was asked to leave the military. He was granted an honorable discharge as an alternative to a court martial. The veteran [Plaintiff] believes that ethnic prejudice contributed to this situation .... The veteran has been accused of striking his ex-wife, and she has also accused him of molesting his children ..." Assessment of June 27, 1996 at page 1, "The veteran was hospitalized while in the military in the mid 1980's and again about one month ago ..." Id at page 2

XII. (1) On or about December 31, 2008 plaintiff filed a FOI/Privacy Act request for amendment of documents containing incorrect information which should be amended or deleted in its entirety, of which, have been utilized against plaintiff and are detrimental, prejudicial and bias in its usage in legal court proceedings. (2) On February 25, 2009, Southern Arizona VA Health Care System (SAVAHCS) denied plaintiff's "request for amendment of the report by A.W. Johnson, Ph.D. dated June 28, 1996 since the information in question is considered to be accurate documentation of information reported by [plaintiff] to the provider at the time." (3) Plaintiff appealed to the office of General Counsel (OGC), on or about March 16th, 2009, OGC acknowledged receipt and began its appeal process. (4) On July 21, 2009 the OGC granted the Privacy Act Amendment Appeal made the determination after attorneys from the OGC and physicians from Veterans Health Administration (VHA) reviewed the contested entry under the Privacy Act standards of accuracy, relevance, timeliness and completeness as is reasonably necessary to assure fairness to plaintiff, directing that the following document amendments be made: (i) delete" **and she has also accused him of molesting his children.** " (ii) delete "He said that his present wife's wages are garnished for his child support obligations" (iii) delete "He has not been accused of child molestation, but..." the sentence amended to read "He has been judged to have abused his children." (5) On or about August 11, 2009, veteran again appealed the amendments as insufficient, as to harm having already taken effect and continuing denial of access to records. (6) On August 24, 2009, OGC responded to the August 11, 2009 letter, forwarding the correspondence to SAVAHCS for a response to the issues plaintiff raised under the FOI/Privacy Act, and should receive a reply directly from that office

5a

Continued from Page 5a

in response to Plaintiff's August 11, 2009 letter. (7) On March 27, 2001
and April 3, 2001 in open court, Mr. Scott McClure, plaintiff's pre-trial
defense attorney (contractual) continually used Protected Health Information
(PHI) without plaintiff knowledge and consent of the contents of which
counsel had access to. On April 30, 2001 Mr. McClure submitted a Motion
FOR Rule 11 Pre-screen evaluation (Arizona Rules of Criminal Procedure) to
determine whether plaintiff is competent to stand trial. Mr. McClure claimed
Plaintiff's "medical records will be provided directly to this Honorable Court."
(8) On May 15, 2001, plaintiff was evaluated by Dr. Scott A. Freeman, M.D., prior
to the examination Dr. Freeman reviewed the following documents "2. Motion
for Rule 11 Prescreen dated April 30, 2001 written by Scott McClure. 3. Inpatient
and Outpatient medical and psychiatric records from the Tucson VA Medical
Center from June 1996 - April 2001. This includes a psychological testing report
from 1996 by A.W. Johnson, Ph.D." Correspondence of May 24, 2001 at page 1.
(9) On May 17, 2001, plaintiff was evaluated by Dr. Jerry R. Day, Ed.D., prior
to the Examination Dr. Day reviewed the following documents "9. Numerous
documents from the VA Hospital regarding [plaintiff's] treatment for physical
and mental disorders. 10: letter to the Court requesting a Rule 11 evaluation by Mr.
Scott McClure, attorney for [plaintiff]" Correspondence of May 30, 2001 at page 1.
(10) On July 16, 2001, plaintiff had previously provided Mr. McClure with a letter
of termination, copy provided to the courts, as well. Mr. McClure filed a motion
to withdraw, and claimed "Just for the record, this morning [he] delivered
[plaintiff] a copy of the motion to withdraw ... [plaintiff] some three
weeks, four week ago [he] believe had received a full copy of [plaintiff's]
file, including all [plaintiff's] medical and psychiatric records." Reporter's
Transcript, July 16, 2001 at page 2. "Because Mr. McClure has tried a number
of cases before [trial judge] and [McClure] is extremely competent, and
[McClure] works really hard and [McClure] does very well with juries ...
judging from the letter that [plaintiff] wrote, and what -- from that [trial
judge] can glean, was Mr. McClure's fee. "Id at page 3-4 " It is the
lawyer's job to determine what motions are appropriate to be filed, not the
person that is accused. He is the one who went to law school, he is the
one that's experience ... [plaintiff] are not " Id at page 5, "All right,
the motion to withdraw is denied." Id at page 8. (11) The Pima County
Attorney's Office submitted a "State's Pre-trial Statement" on July 12, 2001

5b

16

Continued From Page 5b

in which at VI. witness Interviews..."D. The following interviews HAVE NOT BEEN COMPLETED: 1. Rebecca Zaldivar*** 2. Dr. Anna Pinkiewicz. *** The interview with Rebecca Zaldwar was terminated by the State after defense counsel refused to comply with numerous requests to move on to areas not already discussed by the witness and became verbally abusive. Attached hereto is a copy of the audio cassette used to record the interview. Defense counsel [McClure] also conducted a recording of the interview." State's Pre-trial statement, July 12, 2001 at page 5 (12) On September 11, 2001, during an attorney visit Mr. McClure was verbally abusive attempting to force plaintiff into accepting a plea agreement, which plaintiff refused, wanting to go to trial. (13) On October 02, 2001 Mr. McClure submitted a motion for a settlement Conference before another judge for the next day not having discussed the matter with plaintiff. On October 03, 2001 the settlement hearing turn out to be nothing more than a farce, sham and mockery with Mr. McClure acting as a second prosecutor, since the prosecutor had no files available nor prepared or had the victim's knowledge of the settlement conference. Mr. McClure also attacks plaintiffs testimony before the judge that plaintiffs claim of receipts as evidence, of the alibi defense were "non-existent" receipts. Plaintiff again turn down any plea agreement that is based on false and misleading and uncorrected information to deceive for financial gains. (14) On December 03, 2001, plaintiff interrupted the trial proceeding to terminate contractual attorney Mr. McClure for the third time, in open court and for the record pursuant to Arizona Rules of the Supreme Court, Rule 42 - Rules of Professional Conduct section E.R.1.16 (a) (3)", with or without cause "counsel is terminated. Mr. McClure, discloses plaintiffs disclosures of receipts, bank statements and credit cards, in support of plaintiffs alibi notice. The court ordered granting the defendant's motion for new counsel, being the relationship between plaintiff and Mr. McClure was a contractual relationship." The Court also notes for the record that Mr. McClure has done sign-ificant pretrial investigation, interviewing and motion practice which the Court would presume will not need to be redone by new counsel." Reporter's Transcript December 03, 2001 at page 9 + contradicting issues above. On November 27, 2001, Mr. McClure barged in during an attorney visit plaintiff was having with his divorce attorney being rude without knocking, later having spoken with this attorney billed plaintiff an estimate 600.00 dollars for the time.

5c

Continued from Page 5c

(15) During Plaintiff's criminal trial, plaintiff's defense counsel, Ivan Abrams, advised plaintiff to testify, needing plaintiff to explain what the medication effects had on him. After being sworn in, Mr. Abrams began with questions during direct examination that reference the documents released under FOI/Privacy Act; (i) "What was the nature of your discharge from the Air Force?" (ii) "And was your discharge honorable?" (iii) "You weren't thrown out of the AIR FORCE for bad conduct or anything?", (iv) "Are you or have you been in recent years a patient at the Veteran's Administration Hospital here in Tucson?" (v) "Have you been treated by any particular physician?" (vi) "Would you ever strike out at members of your family?" (vii) "Would it be fair to say you've never struck any members of your family?" Jury Trial - 3RD Day, March 14, 2002 Reporter's Transcript (RT) at page 4, 5, 8 and 13 (16) During Cross-Examination, the prosecution continued (i) "Among your various diagnoses from the VA is paranoid personality; is that correct?" (ii) And do you recall being confronted by your alumni group in the day program about your inconsistency in taking medications?" (17) The Court: "... I know [plaintiff's] service record and ... RT, Jury Trial - 4th Day March 15, 2002 at 9

4. Injury, Continued From Page 5

incident of 19 May 1979 for plaintiff's inspection and for admission in evidence, relevant statement or reports in possession of government agencies touching the subject matter of the incident in violation of FOI/Privacy Act.
IX Defendants five through eight deprived plaintiff of PCS assignments, upon knowledge and belief, were due to the loss of plaintiff's security clearance. During that time (1980's) plaintiff was not informed nor provided documentation or explanation to contest any finding or determination(s) made, racial profiling and discrimination increased, removal from his position and subjected to threats, false accusations, defamation, reprisal, verbal abuse from senior NCOs, long work hours without lunch break, career destruction and covering up any evidence of insufficiency or deficiency, forcing plaintiff to accept a discharge from the United States Air Force in violation of plaintiff's civil rights and Equal Employment Opportunity Commission (EEOC)
X. Deprived plaintiff of promotions, advancements, reassignments in violation of plaintiff's civil rights and EEOC. XI. Defendants, one through ten, failure to maintain a system of records within their department, agency or organization deprive plaintiff upon plaintiff's request to; (i) gain access to his record(s) or to any information pertaining to him which at one time were contained in defendant's system of

5d

Continued from Page 5d

records. (2) permit and obtain copies made of all or any portion there of in an appropriate format (3) to gain access, review the records or disclose the records, the right to request any amendment of a record pertaining to him and to make any corrections, of any portion thereof, which the plaintiff believes is not accurate, relevant, timely or complete. (4) prevent the dissemination of inaccurate records to third parties in anticipation of civil, criminal or other judicial proceedings where determinations whether adequate or inadequate were made which were adverse to plaintiff; in violation of FOI/Privacy Act. XII Inadequate and/or incorrect information, taken as true or correct maintain by defendants had adverse, detrimental and irreparable harm to the plaintiff and deprive plaintiff of: (i) the fundamental right to be represented by counsel with undivided loyalty in violation of plaintiff's Six Amendment right to counsel were A) counsel were reliant on the inadequate and/or incorrect information released under the provisions of FOI/Privacy Act and without plaint. his knowledge of its contents; B) the fundamental right to be represented by counsel of his own choice C) the constitutional right to terminate representation of a contractual contracted attorney under the provisions of 42 U.S.C. § 1981 D) the constitutional right to sell, hold and convey real and personal property under the provisions of 42 U.S.C. § 1982, E) An adequate defense resulting in; (i) the serious breakdown in communications (ii) failure to further investigate all possible lines of defense (iii) attempting to force plaintiff to settle litigation based on erroneous information (iv) failure to protect confidential and privileged medical records and protected health information (PHI) provided under the provisions of FOI/Privacy Act. (v) allowed the circumvention of statutes in the attachment, levy or seizure of veteran's disability benefits, separate and real, property and possible double jeopardy. (vi) dissemination of PHI without plaintiff consent and knowledge of the FOI/Privacy Act released documents; in violation of FOI/Privacy Act. XIII Defendants deprive plaintiff the fundamental right afforded to others in the corrections of inadequate records of which: (1) plaintiff cannot seek acquittal, new trial or exoneration based on the records taken as true and correct being from federal agencies. (2) will continue to support and strengthen the inadequate records as true, the more they are relied upon. (3) will continue to aid and abet third parties financial gains who are reliant on the erroneous and inadequate records for leverage to the detriment of the plaintiff. (4) continue to deprive plaintiff adequate health care due to plaintiffs conviction, incarceration and sentence. — Continued on Page 4b

5e

19

### E.  REQUEST FOR RELIEF

State the relief you are seeking:

(1) Declare that the acts and omissions described herein violated Plaintiff's rights to access to records under the Freedom of Information Act 5 USC 8552 and Privacy Act 5 USC 8 552a, the Constitution and laws of the United States.

(2) Order Defendants, one through ten, compelling the complete disclosure and production of files, records, reports and other papers and documents sought within the plaintiff's/veteran's files or archives deemed necessary and proper for plaintiff's defense and appeals in any judicial proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _July 17th, 2014_
            DATE

_Jose Adalberto Zubиас Sr._
SIGNATURE OF PLAINTIFF

_____N/A_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____N/A_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

20

Continued from Page 6

(3) Order SAVAHCS, compelling the complete disclosure of names, listing who they released plaintiff's documents to, when and accountability of the documents released to each since February 16, 2001.

(4) Order that defendants provide plaintiff with a list of all agencies, individuals and/or organization(s) that were given the erroneous or incomplete information about plaintiff and/or provided copies of documents without plaintiff's written consent and/or knowledge.

(5) Order Defendants, Higgins, McClure, Abrams, Lefferts, Udall and Mayor, compelling the complete disclosure, production of files, records, reports and other papers and documents sought within the plaintiff files or archives deemed necessary and proper for plaintiff's defense and appeals in any judicial proceeding(s), stemming from plaintiff's conviction in Pima County Superior Court – CR-2001 0658, including the 911 tape/transcript, video interviews and any exculpatory evidence and Brady Material.

(6) Order Defendants Higgins, McClure, Abrams, Lefferts, Udall and Mayor, compelling them provide listing of names they provided or disseminated plaintiff's Protected Health Information (PHI).

(7) Order Defendants to pay compensatory and punitive damages.

(8) Order Defendants to pay reasonable attorney fees and costs.

(9) Order Pima County Attorneys Office, compelling the release of plaintiff from custody and all constrains, vacating his conviction and sentence in CR-2001 0658.

(10) Grant other just and equitable relief that this HONORABLE COURT deems necessary.

6a

21